**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-51003
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE RIVAS-MORA, also known as George Rivas-Mora,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1888-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jorge Rivas-Mora appeals the 41-month term of imprisonment imposed for his guilty plea conviction of violating 8 U.S.C. § 1326(a) and (b) by being found in the United States without permission, following removal. He argues that his sentence, which fell within his advisory guidelines range, is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). Rivas-Mora contends that a shorter sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appropriate in his case in light of his long residency in the United States; his motive for committing the offense; his lack of prior reentry offenses; and his lack of knowledge that a reentry offense carried such a harsh sentence. Rivas-Mora also contends that a shorter sentence was appropriate because he presented a low risk of recidivism in light of his family ties in Mexico.

Relying on *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007), and *Rita v. United States*, 551 U.S. 338, 347-48 (2007), Rivas-Mora contends that the appellate presumption of reasonableness accorded sentences imposed within a defendant's properly calculated advisory sentencing guidelines range should not apply to sentences that were calculated under Guidelines not derived from empirical data and national experience. However, this court has rejected that argument. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), *cert. denied*, 2009 WL 3162196 (Oct. 5, 2009) (No. 09-6195); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *cert. denied,* 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). The appellate presumption of reasonableness is applicable in this case. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In determining Rivas-Mora's sentence, the district court judge considered the advisory sentencing-guidelines range, the information in Rivas-Mora's presentence report, and the § 3553(a) factors. The district court judge considered the arguments presented at sentencing and determined that a guideline sentence would be appropriate. Rivas-Mora's arguments do not establish that the district court plainly erred or abused its discretion in imposing that sentence. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Rivas-Mora has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Alonzo*, 435 F.3d at 554.

The judgment of the district court is AFFIRMED.